United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Beverly K. Gill
            Debtor

Case No. 15-17729-amc
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: admin          Page 1 of 1          Date Rcvd: Mar 15, 2019
                             Form ID: 3180W        Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 17, 2019.
```
db             +Beverly K. Gill,    436 Highlawn Avenue,   Elizabethtown, PA 17022-1616
13715886       +Alaine V. Grbach,   675 Estelle Drive,   Lancaster PA 17601-2129
13689999        American National Bank and Trust Company,   Clement Wheatley,   Attn; Darren W. Bentley,
                 PO BOX 820,   Danville, VA 24543
13713531       +M&T Bank,   PO Box 1508,   Buffalo, New York 14240-1508
13644044       +Midland Credit Management, Inc. as agent for,   Midland Funding LLC,   PO Box 2011,
                 Warren, MI 48090-2011
13805928        RUSHMORE LOAN MANAGEMENT SERVICES,   P.O. Box 514707,   Los Angeles, CA 90051-4707
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
smg             E-mail/Text: megan.harper@phila.gov Mar 16 2019 03:31:14    City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBCNOTICE1@state.pa.us Mar 16 2019 03:29:50
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Mar 16 2019 03:30:33    U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
13670767       +E-mail/Text: bncmail@w-legal.com Mar 16 2019 03:30:16    COMENITY CAPITAL BANK,
                 C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
13651041        EDI: CAPITALONE.COM Mar 16 2019 06:58:00    Capital One Bank (USA), N.A.,   PO Box 71083,
                 Charlotte, NC  28272-1083
13705699        EDI: MERRICKBANK.COM Mar 16 2019 06:58:00    MERRICK BANK,   Resurgent Capital Services,
                 PO Box 10368,   Greenville, SC 29603-0368
13913111        EDI: PRA.COM Mar 16 2019 06:58:00    Portfolio Recovery Associates, LLC,   POB 41067,
                 Norfolk, VA 23541
14215767       +E-mail/Text: bncmail@w-legal.com Mar 16 2019 03:30:16    SYNCHRONY BANK,
                 c/o Weinstein & Riley, P.S.,   2001 Western Ave, Ste 400,   Seattle, WA 98121-3132
13669345       +E-mail/Text: bncmail@w-legal.com Mar 16 2019 03:30:16    TD BANK USA, N.A.,
                 C O WEINSTEIN & RILEY, PS,   2001 WESTERN AVENUE, STE 400,   SEATTLE, WA 98121-3132
                                                                                      TOTAL: 9
```

```
        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                 TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 17, 2019                    Signature:  /s/Joseph Speetjens


# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 14, 2019 at the address(es) listed below:
```
        ALAINE V. GRBACH    on behalf of Debtor Beverly K. Gill avgrbach@aol.com
        ANDREW F GORNALL    on behalf of Creditor  BANK OF AMERICA, N.A. agornall@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        DENISE ELIZABETH CARLON    on behalf of    U.S. Bank National Association, not in its individual
         capacity, but solely as trustee for RMAC Trust, Series 2016-CTT bkgroup@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        JOSHUA ISAAC GOLDMAN    on behalf of Creditor  BANK OF AMERICA, N.A. bkgroup@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        PAUL C. BAMETZREIDER    on behalf of Creditor  Jonestown Bank & Trust Company
         paulb@reillywolfson.com, edonohue@reillywolfson.com
        THOMAS I. PULEO    on behalf of    U.S. Bank National Association, not in its individual capacity,
         but solely as trustee for RMAC Trust, Series 2016-CTT tpuleo@kmllawgroup.com,
         bkgroup@kmllawgroup.com
        United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
        WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                      TOTAL: 8
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Beverly K. Gill** | Social Security number or ITIN   **xxx–xx–2180** |
| | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |
| Debtor 2 | | Social Security number or ITIN   _ _ _ _ |
| (Spouse, if filing) | First Name   Middle Name   Last Name | EIN   _ _ – _ _ _ _ _ _ _ |

United States Bankruptcy Court   **Eastern District of Pennsylvania**

Case number:   **15–17729–amc**

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Beverly K. Gill

3/14/19

**By the court:**   Ashely M. Chan
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**